UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| STINGRAY IP SOLUTIONS LLC,<br><br>          Plaintiff,<br><br>v.<br><br>RESIDEO TECHNOLOGIES, INC. and ADEMCO INC.,<br><br>          Defendants. | Case No. 2:22-cv-00420-JRG-RSP<br><br>**JURY TRIAL DEMANDED** |

## RESIDEO'S ANSWER

Defendants Resideo Technologies, Inc. and Ademco Inc. (collectively "Resideo" or "Defendants") provide their Answer and Defenses to the First Amended Complaint ("Complaint") filed by Plaintiff Stingray IP Solutions LLC ("Stingray") (Dkt. 16).

## THE PARTIES

1.  Resideo lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 1 and therefore denies them.

2.  Resideo admits that Resideo Technologies, Inc. is a corporation formed and organized under the laws of Delaware. Except as expressly admitted, Resideo denies any remaining allegations of Paragraph 2 of the Complaint.

3.  Resideo admits that Ademco Inc. is a corporation formed and organized under the laws of Delaware. Except as expressly admitted, Resideo denies any remaining allegations of Paragraph 3 of the Complaint.

4.  Resideo admits that Resideo Technologies, Inc. is a defendant in this action. Resideo admits that Resideo Technologies, Inc. is a public company that trades under the ticker symbol

"REZI" of the New York Stock Exchange. Resideo admits that it has issued a 2021 Annual Report. To the extent the allegations in Paragraph 4 purport to quote and/or characterize the contents of Resideo's 2021 Annual Report, the document speaks for itself. Except as expressly admitted, Resideo denies any remaining allegations of Paragraph 4 of the Complaint.

5. Resideo admits that it has issued a 2021 Annual Report. To the extent the allegations in Paragraph 5 purport to quote and/or characterize the contents of Resideo's 2021 Annual Report, the document speaks for itself. Except as expressly admitted, Resideo denies any remaining allegations of Paragraph 5 of the Complaint.

6. Resideo admits that it has issued a 2021 Annual Report. To the extent the allegations in Paragraph 6 purport to quote and/or characterize the contents of Resideo's 2021 Annual Report, the document speaks for itself. Except as expressly admitted, Resideo denies any remaining allegations of Paragraph 6 of the Complaint.

7. Resideo admits that there is a web page available at the URL https://www.adiglobaldistribution.us/TermsAndConditionsPage. To the extent the allegations in Paragraph 7 purport to quote and/or characterize the contents of the web page, the document speaks for itself. Except as expressly admitted, Resideo denies any remaining allegations of Paragraph 7 of the Complaint.

8. Resideo admits that there is a web page available at the URL https://www.adiglobaldistribution.us/Catalog/shop-brands/resideo. To the extent the allegations in Paragraph 8 purport to quote and/or characterize the contents of the web page, the document speaks for itself. Except as expressly admitted, Resideo denies any remaining allegations of Paragraph 8 of the Complaint.

9. Resideo admits that there are web pages available at the URLs https://www.resideo.com/us/en/products/, https://www.adiglobaldistribution.us/Catalog/shop-

brands/resideo, https://www.honeywellhome.com/us/en, and https://www.resideo.com/us/en/corporate/about/careers. To the extent the allegations in Paragraph 9 purport to quote and/or characterize the contents of these web pages, the documents speak for themselves. Except as expressly admitted, Resideo denies any remaining allegations of Paragraph 9 of the Complaint.

## JURISDICTION AND VENUE

10. Resideo admits that this is a case brought under the patent laws of the United States but denies the Plaintiff has any viable claim thereunder.

11. Resideo admits the allegations of Paragraph 11.

**A. Defendant Resideo**

12. Resideo admits that this Court has personal jurisdiction over Resideo Technologies, Inc. Except as expressly admitted, Resideo denies any remaining allegations of Paragraph 12 of the Complaint.

13. Resideo admits that there is a web page available at the URL https://www.adiglobaldistribution.us/dealerlocator. To the extent the allegations in Paragraph 13 purport to quote and/or characterize the contents of this web page, the document speaks for itself. Except as expressly admitted, Resideo denies any remaining allegations of Paragraph 13 of the Complaint.

14. Resideo denies the allegations of Paragraph 14 of the Complaint.

15. Resideo denies the allegations of Paragraph 15 of the Complaint.

16. Resideo admits that there is a web page available at the URL https://www.resideo.com/us/en/find-a-retailer/. To the extent the allegations in Paragraph 16 purport to quote and/or characterize the contents of this web page, the document speaks for itself. Except as expressly admitted, Resideo denies any remaining allegations of Paragraph 16 of the Complaint.

17. Resideo denies the allegations of Paragraph 17 of the Complaint.

18. Resideo denies the allegations of Paragraph 18 of the Complaint.

**B.     Defendant Ademco**

19. Resideo admits that this Court has personal jurisdiction over Ademco Inc. Except as expressly admitted, Resideo denies any remaining allegations of Paragraph 19 of the Complaint.

20. Resideo admits that there are web pages available at the URLs https://www.adiglobaldistribution.us/Catalog/shop-brands/resideo, https://www.adiglobaldistribution.us/pick-up-anytime, and https://www.adiglobaldistribution.us/adi-app. To the extent the allegations in Paragraph 20 purport to quote and/or characterize the contents of these web pages, the documents speak for themselves. Except as expressly admitted, Resideo denies any remaining allegations of Paragraph 20 of the Complaint.

21. Resideo denies the allegations of Paragraph 21 of the Complaint.

22. Resideo denies the allegations of Paragraph 22 of the Complaint.

## THE ASSERTED PATENTS AND TECHNOLOGY

23. Resideo lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 23 and therefore denies them.

24. Resideo lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 24 and therefore denies them.

25. Resideo lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 25 and therefore denies them.

26. Resideo lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 26 and therefore denies them.

27. Resideo admits that it has issued a 2021 Annual Report. To the extent the allegations in Paragraph 27 purport to quote and/or characterize the contents of Resideo's 2021

Annual Report, the document speaks for itself. Except as expressly admitted, Resideo denies any remaining allegations of Paragraph 27 of the Complaint.

28.     Resideo admits that there is a web page available at the URL https://www.resideo.com/us/en/products/. To the extent the allegations in Paragraph 28 purport to quote and/or characterize the contents of the web page, the document speaks for itself. Except as expressly admitted, Resideo denies any remaining allegations of Paragraph 28 of the Complaint.

29.     Resideo denies the allegations of Paragraph 29 of the Complaint.

30.     Resideo lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 30 and therefore denies them.

31.     Resideo denies the allegations of Paragraph 31 of the Complaint.

32.     Resideo denies the allegations of Paragraph 32 of the Complaint.

33.     Resideo admits that the screenshot under Paragraph 33 of the Complaint purports to show a Resideo "Gold Kit" that includes Wi-Fi Water Leak Detectors, a C2 Wi-Fi Security Camera, and a T5 Smart Thermostat. Except as expressly admitted, Resideo denies any remaining allegations of Paragraph 33 of the Complaint.

34.     Resideo admits that the screenshot under Paragraph 34 of the Complaint purports to list the L7000 Lynx Touch 7000, L5210 Lynx Touch, and Tuxedow Tuxedo Touch ® Security and Smart Controller as Resideo products. Except as expressly admitted, Resideo denies any remaining allegations of Paragraph 34 of the Complaint.

35.     Resideo admits that the screenshot under Paragraph 35 of the Complaint purports to list the LCP500-L Lyric® Controller Touchscreen Control Panel, the LKP500-EN Lyric® Keypad for Honeywell Home Lyric Controller, and the Prosixpir – Proseries Wireless Motion Detector as Resideo products. Except as expressly admitted, Resideo denies any remaining allegations of Paragraph 35 of the Complaint.

36. Resideo denies the allegations of Paragraph 36 of the Complaint.

37. Resideo admits that the screenshot under Paragraph 37 of the Complaint purports to list the Wi-Fi Water Leak & Freeze Detector as a Resideo product. Except as expressly admitted, Resideo denies any remaining allegations of Paragraph 37 of the Complaint.

38. Resideo admits that the screenshot under Paragraph 38 of the Complaint purports to list the IPCAM-WIC2 HD Wi-Fi Indoor Video Camera, IPCAM-WO2 HD Wi-Fi Outdoor Video Camera, and DBCAM-Trim2 Silver Trim 2 WiFi Video Doorbell as Resideo products. Except as expressly admitted, Resideo denies any remaining allegations of Paragraph 38 of the Complaint.

39. Resideo denies the allegations of Paragraph 39 of the Complaint.

40. Resideo lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 40 and therefore denies them.

41. Resideo lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 41 and therefore denies them.

42. Resideo lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 42 and therefore denies them.

43. Resideo lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 43 and therefore denies them.

44. Resideo denies the allegations of Paragraph 44 of the Complaint.

45. Resideo denies the allegations of Paragraph 45 of the Complaint.

46. Resideo denies the allegations of Paragraph 46 of the Complaint.

47. Resideo admits that there is a web page available at the URL https://www.honeywellhome.com/us/en/support/my-wi-fi-is-not-working-on-my-smart-home-security-or-camera-device/. To the extent the allegations in Paragraph 47 purport to quote and/or

characterize the contents of the web page, the document speaks for itself. Except as expressly admitted, Resideo denies any remaining allegations of Paragraph 47 of the Complaint.

48. Resideo denies the allegations of Paragraph 48 of the Complaint.

49. Resideo denies the allegations of Paragraph 49 of the Complaint.

50. Resideo denies the allegations of Paragraph 50 of the Complaint.

51. Resideo denies the allegations of Paragraph 51 of the Complaint.

52. Resideo denies the allegations of Paragraph 52 of the Complaint.

## COUNT I
## (ALLEGED INFRINGEMENT OF U.S. PATENT NO. 7,224,678)

53. Resideo repeats its responses to paragraphs 1-52 above, as if fully set forth herein.

54. Resideo lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 54 and therefore denies them.

55. Resideo denies the allegations of Paragraph 55 of the Complaint.

56. Resideo denies the allegations of Paragraph 56 of the Complaint.

57. Resideo denies the allegations of Paragraph 57 of the Complaint.

58. Resideo denies the allegations of Paragraph 58 of the Complaint.

59. Resideo denies the allegations of Paragraph 59 of the Complaint.

60. Resideo denies the allegations of Paragraph 60 of the Complaint.

61. Resideo denies the allegations of Paragraph 61 of the Complaint.

62. Resideo denies the allegations of Paragraph 62 of the Complaint.

63. Resideo admits that there are web pages available at the URLs https://www.resideo.com/us/en/support/, https://www.resideo.com/us/en/apps/, and https://www.adiglobaldistribution.us/adi-app. To the extent the allegations in Paragraph 63 purport to quote and/or characterize the contents of these web pages, the documents speak for themselves. Except as expressly admitted, Resideo denies any remaining allegations of Paragraph 63 of the

Complaint.

64. Resideo denies the allegations of Paragraph 64 of the Complaint.

65. Resideo denies the allegations of Paragraph 65 of the Complaint.

## COUNT II
## (ALLEGED INFRINGEMENT OF U.S. PATENT NO. 7,440,572)

66. Resideo repeats its responses to paragraphs 1-65 above, as if fully set forth herein.

67. Resideo lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 67 and therefore denies them.

68. Resideo denies the allegations of Paragraph 68 of the Complaint.

69. Resideo denies the allegations of Paragraph 69 of the Complaint.

70. Resideo denies the allegations of Paragraph 70 of the Complaint.

71. Resideo denies the allegations of Paragraph 71 of the Complaint.

72. Resideo denies the allegations of Paragraph 72 of the Complaint.

73. Resideo denies the allegations of Paragraph 73 of the Complaint.

74. Resideo denies the allegations of Paragraph 74 of the Complaint.

75. Resideo denies the allegations of Paragraph 75 of the Complaint.

76. Resideo admits that there are web pages available at the URLs https://www.resideo.com/us/en/support/, https://www.resideo.com/us/en/apps/, and https://www.adiglobaldistribution.us/adi-app. To the extent the allegations in Paragraph 76 purport to quote and/or characterize the contents of these web pages, the documents speak for themselves. Except as expressly admitted, Resideo denies any remaining allegations of Paragraph 76 of the Complaint.

77. Resideo denies the allegations of Paragraph 77 of the Complaint.

78. Resideo denies the allegations of Paragraph 78 of the Complaint.

## COUNT III
## (ALLEGED INFRINGEMENT OF U.S. PATENT NO. 7,441,126)

79. Resideo repeats its responses to paragraphs 1-78 above, as if fully set forth herein.

80. Resideo lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 80 and therefore denies them.

81. Resideo denies the allegations of Paragraph 81 of the Complaint.

82. Resideo denies the allegations of Paragraph 82 of the Complaint.

83. Resideo denies the allegations of Paragraph 83 of the Complaint.

84. Resideo denies the allegations of Paragraph 84 of the Complaint.

85. Resideo denies the allegations of Paragraph 85 of the Complaint.

86. Resideo denies the allegations of Paragraph 86 of the Complaint.

87. Resideo denies the allegations of Paragraph 87 of the Complaint.

88. Resideo denies the allegations of Paragraph 88 of the Complaint.

89. Resideo admits that there are web pages available at the URLs https://www.resideo.com/us/en/support/, https://www.resideo.com/us/en/apps/, and https://www.adiglobaldistribution.us/adi-app. To the extent the allegations in Paragraph 89 purport to quote and/or characterize the contents of these web pages, the documents speak for themselves. Except as expressly admitted, Resideo denies any remaining allegations of Paragraph 89 of the Complaint.

90. Resideo denies the allegations of Paragraph 90 of the Complaint.

91. Resideo denies the allegations of Paragraph 91 of the Complaint.

## CONCLUSION

92. Resideo denies the allegations of Paragraph 92 of the Complaint.

93. Resideo denies the allegations of Paragraph 93 of the Complaint.

## JURY DEMAND

94. Resideo respectfully requests a trial by jury of all issues so triable, pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

95. To the extent any response is required to any paragraph of Stingray's Prayer for Relief, Resideo denies that Stingray is entitled to any of the requested relief and denies any allegations of its Prayer for Relief as to Resideo. Resideo further denies each and every allegation in the Complaint to which it has not specifically responded.

## RESIDEO'S AFFIRMATIVE DEFENSES

Subject to the responses above, Resideo alleges and asserts the following defenses in response to the allegations, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law and without reducing or removing Stingray's burden of proof on its affirmative claims against Resideo, regardless of how such defenses are denominated herein. In addition to the affirmative defenses described below, subject to its responses above, Resideo reserves all affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the patent laws of the United States, and any other defenses at law or in equity that may exist now or that may be available in the future, including (but not limited to) those related to the unenforceability of any claim of the Asserted Patents based on inequitable conduct, based on discovery and further factual investigation in this action. Assertion of a defense is not a concession that Resideo has the burden of proving the matter asserted.

## FIRST AFFIRMATIVE DEFENSE
### (Non-Infringement)

1. The accused products/instrumentalities and services do not infringe any valid and enforceable claim of U.S. Patent No. 7,224,678, either literally or under the doctrine of equivalents. Further, Resideo has not performed any act in violation of any rights belonging to Stingray.

-10-

2. The accused products/instrumentalities and services do not infringe any valid and enforceable claim of U.S. Patent No. 7,440,572, either literally or under the doctrine of equivalents. Further, Resideo has not performed any act in violation of any rights belonging to Stingray.

3. The accused products/instrumentalities and services do not infringe any valid and enforceable claim of U.S. Patent No. 7,441,126, either literally or under the doctrine of equivalents. Further, Resideo has not performed any act in violation of any rights belonging to Stingray.

## SECOND AFFIRMATIVE DEFENSE
### (Invalidity)

4. The claims of U.S. Patent No. 7,224,678 are invalid, ineligible, unenforceable, or void for failure to satisfy one or more of the requirements of 35 U.S.C. §§ 1 et seq., including but not limited to 35 U.S.C. §§ 101, 102, 103, 112, and/or 116. For example, each claim is invalid as claiming concepts already known to the public at the time of the alleged invention. As another example, the claims are not eligible for patent because they are directed to ineligible subject matter. Prior art that invalidates the asserted claims will be set forth in Resideo's invalidity contentions, amendments, and proposed amendments thereto.

5. The claims of U.S. Patent No. 7,440,572 are invalid, ineligible, unenforceable, or void for failure to satisfy one or more of the requirements of 35 U.S.C. §§ 1 et seq., including but not limited to 35 U.S.C. §§ 101, 102, 103, 112, and/or 116. For example, each claim is invalid as claiming concepts already known to the public at the time of the alleged invention. As another example, the claims are not eligible for patent because they are directed to ineligible subject matter. Prior art that invalidates the asserted claims will be set forth in Resideo's invalidity contentions, amendments, and proposed amendments thereto.

6. The claims of U.S. Patent No. 7,441,126 are invalid, ineligible, unenforceable, or void for failure to satisfy one or more of the requirements of 35 U.S.C. §§ 1 et seq., including but not limited to 35 U.S.C. §§ 101, 102, 103, 112, and/or 116. For example, each claim is invalid as

claiming concepts already known to the public at the time of the alleged invention. As another example, the claims are not eligible for patent because they are directed to ineligible subject matter. Prior art that invalidates the asserted claims will be set forth in Resideo's invalidity contentions, amendments, and proposed amendments thereto.

### THIRD AFFIRMATIVE DEFENSE
### (Prosecution History Estoppel)

7. Stingray is estopped, based on statements, representations, and admissions made during prosecution of the applications that led to the Asserted Patents, from asserting any interpretation of the claims of those patents that would be broad enough to cover any accused products/instrumentalities or service alleged to infringe those patents, either literally or under the doctrine of equivalents.

### FOURTH AFFIRMATIVE DEFENSE
### (Equitable Defenses)

8. Stingray's claims are barred, either in whole or in part, by the doctrine of waiver, estoppel, and/or unclean hands.

### FIFTH AFFIRMATIVE DEFENSE
### (No Equitable Entitlement to Injunctive Relief)

9. Stingray is not entitled to injunctive relief under any theory, including without limitation, because any alleged injury to Stingray is not immediate or irreparable, Stingray has an adequate remedy at law, and/or public policy concerns weigh against any injunctive relief.

### SIXTH AFFIRMATIVE DEFENSE
### (Statutory Limitations on Damages)

10. Any claim by Stingray for damages is limited by 35 U.S.C. § 286 and/or § 287, including upon information and belief, Stingray is barred by 35 U.S.C. § 287 from recovering damages in this case due to Stingray's and/or Stingray's licensees' failure to mark. Stingray is also barred by 35 U.S.C. § 288 from recovering costs associated with this action.

### SEVENTH AFFIRMATIVE DEFENSE
### (No Willful Infringement)

11. Stingray is not entitled to enhanced damages under 35 U.S.C. § 284 because Stingray has failed to meet, and cannot meet as a matter of law, the requirements for willful infringement. Stingray has failed to state a claim for willful infringement for failing to identify any pre-suit factual basis that Resideo had actual knowledge of or was willfully blind to the Asserted Patents or Resideo's alleged infringement.

### EIGHTH AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

12. Stingray's Complaint fails to state facts sufficient to constitute a claim upon which relief can be granted.

### NINTH AFFIRMATIVE DEFENSE
### (No Exceptional Case)

13. Stingray cannot prove that this is an exceptional case justifying an award of attorney's fees against Resideo pursuant to 35 U.S.C. § 285.

### TENTH AFFIRMATIVE DEFENSE
### (Statutory Limitation)

14. To the extent certain equipment accused of infringing the Asserted Patents are used by and/or manufactured for the United States Government, Stingray's claims involving Resideo with respect to such equipment may not be pursued in this Court and are subject to other limitations pursuant to 28 U.S.C. § 1498.

### ELEVENTH AFFIRMATIVE DEFENSE
### (Patent Misuse)

15. Stingray's claims are barred, in whole or in part, by the defense of patent misuse.

### TWELFTH AFFIRMATIVE DEFENSE
### (Standing)

16. To the extent Stingray was not the sole and total owner of all substantial rights in any of the Patents-in-Suit as of the filing date of the Complaint, Stingray lacks standing to bring

one or more claims in this lawsuit.

## **THIRTEENTH AFFIRMATIVE DEFENSE**
### **(License, Covenant Not to Sue, Patent Exhaustion)**

17. On information and belief, Stingray's claims are barred in whole or in part pursuant to a covenant not to sue and/or an express and/or implied license, and/or the doctrine of patent exhaustion.

\* \* \*

Resideo respectfully requests that the Court grant judgment in Resideo's favor and award Resideo its costs and fees under 35 U.S.C. § 285. Furthermore, Resideo respectfully requests that the Court grant Resideo any other just and proper relief.

Date: January 17, 2023	Respectfully submitted,

/s/ *S. Benjamin Pleune*
S. Benjamin Pleune
(NC Bar No. 28748)
J. Ravindra Fernando
(NC Bar No. 49499)
**ALSTON & BIRD**
101 South Tryon Street, Suite 4000
Charlotte, NC 28280
Telephone: (704) 444-1000
Fax: (704) 444-1111
Ben.Pleune@alston.com
Ravi.Fernando@alston.com

Brady Cox
(TX Bar No. 24074084)
**ALSTON & BIRD LLP**
2200 Ross Avenue, Suite 2300
Dallas, Texas 75201
Telephone: (214) 922-3400
Fax: (214) 922-3899
brady.cox@alston.com

*Counsel for Defendants Resideo Technologies, Inc. and Ademco Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 17th day of January, 2023, the foregoing was electronically filed with the Clerk of Court using the CM/ECF system, which will automatically send notification of such filing upon Counsel of Record.

*/s/ S. Benjamin Pleune*
S. Benjamin Pleune