**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| **STINGRAY IP SOLUTIONS LLC,**<br><br>***Plaintiff,***<br><br>**v.**<br><br>**RESIDEO TECHNOLOGIES, INC. and ADEMCO INC.,**<br><br>***Defendants.*** | **JURY TRIAL DEMANDED**<br><br>**CASE NO. 2:22-cv-00420-JRG-RSP (Lead Case)** |
| **STINGRAY IP SOLUTIONS LLC,**<br><br>***Plaintiff,***<br><br>**v.**<br><br>**JOHNSON CONTROLS INTERNATIONAL PLC, JOHNSON CONTROLS, INC., and JOHNSON CONTROLS SECURITY SOLUTIONS LLC,**<br><br>***Defendants.*** | **JURY TRIAL DEMANDED**<br><br>**CASE NO. 2:22-cv-00389-JRG-RSP (Member Case)** |
| **STINGRAY IP SOLUTIONS LLC,**<br><br>***Plaintiff,***<br><br>**v.**<br><br>**ADT INC. and ADT LLC,**<br><br>***Defendants.*** | **JURY TRIAL DEMANDED**<br><br>**CASE NO. 2:22-cv-00421-JRG-RSP (Member Case)** |

**DEFENDANTS JOHNSON CONTROLS INTERNATIONAL PLC, JOHNSON CONTROLS, INC., AND JOHNSON CONTROLS SECURITY SOLUTIONS LLC'S ANSWER AND SEPARATE DEFENSES TO FIRST AMENDED COMPLAINT**

Defendants Johnson Controls International PLC, Johnson Controls, Inc., and Johnson Controls Security Solutions LLC (collectively, "Johnson Controls" or "Defendants"), by and through their undersigned attorneys, respond to the First Amended Complaint for Patent Infringement ("Amended Complaint") of Stingray IP Solutions LLC ("Stingray" or Plaintiff"), as follows:

**THE PARTIES**[1]

1. Defendants are without knowledge and information sufficient to form a belief as to the factual allegations of Paragraph 1, and therefore, on that basis, deny the same.

2. Johnson Controls International plc ("PLC") admits that it is a public limited company organized under the laws of Ireland, with its principal place of business located at One Albert Quay, Cork, Ireland, T12 X8N6.

3. Johnson Controls, Inc ("JCI") admits it is a company organized under the laws of Wisconsin, with its principal place of business located at 5757 N. Green Bay Ave., Milwaukee, Wisconsin. JCI denies that it shares the headquarters with PLC in Cork, Ireland. JCI also denies that it is controlled by PLC. JCI denies any remaining allegations in Paragraph 3.

4. Johnson Controls Security Solutions LLC ("Johnson Controls Security") admits it is a company organized under the laws of Delaware, with its principal place of business located at 6600 Congress Ave., Boca Raton, Florida. Johnson Controls Security denies that it shares the same world headquarters with PLC in Cork, Ireland. Johnson Controls Security also denies that it is controlled by PLC. Johnson Controls Security denies any remaining allegations in Paragraph 4.

5. PLC admits that it issued an Annual Financial Report for the Fiscal Year ending

[1] For purposes of this pleading, Defendants use the headings in the Amended Complaint. Defendants do not admit any of the allegations contained in those headings.

September 30, 2021. To the extent the allegations in Paragraph 5 purport to quote and/or characterize the contents of PLC's 2021 Annual Report, the document speaks for itself except to the extent it conflicts with the subsequently filed 10-K filed on Nov 15 2022 for Fiscal Year ending September, 2022. Individual Defendants JCI and Johnson Controls Security lack knowledge or information sufficient to form a belief as to statements in Paragraph 5, and therefore deny the same. Except as expressly admitted, Defendants deny any remaining allegations of Paragraph 5.

6.   PLC avers that Paragraph 6 appears to include quotes from PLC's 2021 Annual Financial Report. To the extent the allegations in Paragraph 6 purport to quote and/or characterize the contents of PLC's 2021 Annual Report, the document speaks for itself except to the extent it conflicts with the subsequently filed 10-K filed on Nov 15 2022 for Fiscal Year ending September, 2022. Individual Defendants JCI and Johnson Controls Security lack knowledge or information sufficient to form a belief as to statements in Paragraph 6, and therefore deny the same. Except as expressly admitted, Defendants deny any remaining allegations of Paragraph 6.

7.   PLC avers that Paragraph 7 appears to include quotes from PLC's 2021 Annual Financial Report. To the extent the allegations in Paragraph 7 purport to quote and/or characterize the contents of PLC's 2021 Annual Report, the document speaks for itself except to the extent it conflicts with the subsequently filed 10-K filed on Nov 15 2022 for Fiscal Year ending September, 2022. Individual Defendants JCI and Johnson Controls Security lack knowledge or information sufficient to form a belief as to statements in Paragraph 7, and therefore deny the same. Except as expressly admitted, Defendants deny any remaining allegations of Paragraph 7.

8. Defendants admit that Johnson Controls includes different business segments, including Business Solutions North America and Global Products. PLC avers that Paragraph 8 appears to include quotes from PLC's 2021 Annual Financial Report. To the extent the allegations in Paragraph 8 purport to quote and/or characterize the contents of PLC's 2021 Annual Report, the document speaks for itself except to the extent it conflicts with the subsequently filed 10-K filed on Nov 15 2022 for Fiscal Year ending September, 2022. Individual Defendants JCI and Johnson Controls Security lack knowledge or information sufficient to form a belief as to statements in Paragraph 8 from PLC's 2021 Annual Financial Report, and therefore deny the same. Except as expressly admitted, Defendants deny any remaining allegations of Paragraph 8.

9. Defendants admit that JCI and Johnson Controls Security each have a presence in the United States. Defendants also admit that JCI and Johnson Controls Security have North American headquarters located in Milwaukee, Wisconsin, USA. JCI further submits that it is a Wisconsin company. Johnson Controls Security submits that it is a Delaware company. Defendants admit that Paragraph 9 includes a web page available at the URL https://www.johnsoncontrols.com/locations. To the extent the allegations in Paragraph 9 purport to quote and/or characterize the contents of the web page, the document speaks for itself. Individual Defendants JCI and Johnson Controls Security also deny that they are controlled by PLC entity. Except as expressly admitted, Defendants deny any remaining allegations of Paragraph 9.

10. JCI and Johnson Controls Security admit that they do business in the United States. Defendants deny the remaining allegations of Paragraph 10.

**JURISDICTION AND VENUE**

11. Paragraph 11 states a legal conclusion to which no response is required. To the

extent a response is required, Defendants admit that the Amended Complaint purports to be an action that arises under the Patent laws of the United States but denies the Plaintiff has any viable claim thereunder.

12. Paragraph 12 states a legal conclusion to which no response is required. To the extent a response is required, Defendants state that they do not contest the Court's jurisdiction over the subject matter of this action.

**A. Defendant JCI PLC**

13. Paragraph 13 states a legal conclusion to which no response is required. To the extent a response is required, PLC denies the allegations of Paragraph 13. Individual Defendants JCI and Johnson Controls Security lack knowledge or information sufficient to form a belief as to allegations of Paragraph 13, and therefore deny the same.

14. Paragraph 14 states a legal conclusion to which no response is required. To the extent a response is required, PLC denies the allegations of Paragraph 14. Individual Defendants JCI and Johnson Controls Security lack knowledge or information sufficient to form a belief as to allegations of Paragraph 14, and therefore deny the same.

15. PLC denies the allegations of Paragraph 15. To the extent the allegations in Paragraph 15 purport to quote and/or characterize the contents of the web page or PLC's Annual Financial Report, the document speaks for itself except to the extent it conflicts with the subsequently filed 10-K filed on Nov 15 2022 for Fiscal Year ending September, 2022. Individual Defendants JCI and Johnson Controls Security lack knowledge or information sufficient to form a belief as to allegations of Paragraph 15, and therefore deny the same.

16. To the extent the allegations in Paragraph 16 purport to quote and/or characterize the contents of a web page, each document speaks for itself. PLC denies the allegations of Paragraph 16. Individual Defendants JCI and Johnson Controls Security lack knowledge or

information sufficient to form a belief as to allegations of Paragraph 16, and therefore deny the same.

17. PLC denies the allegations of Paragraph 17. Individual Defendants JCI and Johnson Controls Security lack knowledge or information sufficient to form a belief as to allegations of Paragraph 17, and therefore deny the same.

18. PLC denies the allegations of Paragraph 18. Individual Defendants JCI and Johnson Controls Security lack knowledge or information sufficient to form a belief as to allegations of Paragraph 18, and therefore deny the same.

19. Paragraph 19 states a legal conclusion to which no response is required. To the extent a response is required, PLC denies the allegations of Paragraph 19. Individual Defendants JCI and Johnson Controls Security lack knowledge or information sufficient to form a belief as to allegations of Paragraph 19, and therefore deny the same.

20. Paragraph 20 states a legal conclusion to which no response is required. To the extent a response is required, PLC denies that venue is proper in this judicial district. PLC further reserves the right to move the Court to transfer venue. Defendants deny the remaining allegations of Paragraph 20.

**B.     Defendant JC Inc.**

21. Paragraph 21 states a legal conclusion to which no response is required. To the extent a response is required, JCI denies the allegations of Paragraph 21. Individual Defendants PLC and Johnson Controls Security lack knowledge or information sufficient to form a belief as to allegations of Paragraph 21, and therefore deny the same.

22. Paragraph 22 states a legal conclusion to which no response is required. To the extent a response is required, JCI denies the allegations of Paragraph 22. Individual Defendants PLC and Johnson Controls Security lack knowledge or information sufficient to form a belief as


to allegations of Paragraph 22, and therefore deny the same.

23. JCI admits that some of its products have been sold within this District and in Texas, and denies the remaining allegations of Paragraph 23. Individual Defendants PLC and Johnson Controls Security lack knowledge or information sufficient to form a belief as to allegations of Paragraph 23, and therefore deny the same.

24. JCI admits that it maintains an office at 4689 College Street, Beaumont, Texas and 4683 College Street, Beaumont, Texas 77707. To the extent the allegations in Paragraph 24 additionally purport to characterize the contents of any web pages, each document speaks for itself. JCI denies the remaining allegations of Paragraph 24. Individual Defendants PLC and Johnson Controls Security lack knowledge or information sufficient to form a belief as to allegations of Paragraph 24, and therefore deny the same.

25. JCI admits that certain York-branded products are sold within Texas, but denies the remaining allegations of Paragraph 25. To the extent the allegations in Paragraph 25 additionally purport to characterize the contents of any web pages or PLC Annual Report, the documents speak for itself. Individual Defendants PLC and Johnson Controls Security lack knowledge or information sufficient to form a belief as to allegations of Paragraph 25, and therefore deny the same.

26. Paragraph 26 states a legal conclusion to which no response is required. To the extent a response is required, JCI denies that venue is proper in this judicial district. JCI further reserves the right to move the Court to transfer venue. Defendants deny the remaining allegations of Paragraph 26.

**C. Defendant JC Security**

27. Paragraph 27 states a legal conclusion to which no response is required. To the extent a response is required, Johnson Controls Security denies the allegations of Paragraph 27.

Individual Defendants PLC and JCI lack knowledge or information sufficient to form a belief as to allegations of Paragraph 27, and therefore deny the same.

28. Paragraph 28 states a legal conclusion to which no response is required. To the extent a response is required, Johnson Controls Security denies the allegations of Paragraph 28. Individual Defendants PLC and JCI lack knowledge or information sufficient to form a belief as to allegations of Paragraph 28, and therefore deny the same.

29. Johnson Controls Security admits that some of its products are sold in this District and in Texas, but denies the remaining allegations of Paragraph 29. Individual Defendants PLC and JCI lack knowledge or information sufficient to form a belief as to allegations of Paragraph 29, and therefore deny the same.

30. Johnson Controls Security admits that it maintains an office at 4683 College Street, Beaumont, Texas 77707. To the extent the allegations in Paragraph 30 additionally purport to characterize the contents of any web pages, each document speaks for itself. Johnson Controls Security denies the remaining allegations of Paragraph 30. Individual Defendants PLC and JCI lack knowledge or information sufficient to form a belief as to allegations of Paragraph 30, and therefore deny the same.

31. Johnson Controls Security admits that some of its products are sold in Texas, but denies the remaining allegations of Paragraph 31. To the extent the allegations in Paragraph 31 additionally purport to characterize the contents of any web pages, each document speaks for itself. Individual Defendants PLC and JCI lack knowledge or information sufficient to form a belief as to allegations of Paragraph 31, and therefore deny the same.

32. Paragraph 32 states a legal conclusion to which no response is required. To the extent a response is required, Johnson Controls Security denies that venue is proper in this

judicial district. Johnson Controls Security further reserves the right to move the Court to transfer venue. Defendants deny the remaining allegations of Paragraph 32.

33. Paragraph 33 states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the remaining allegations of Paragraph 33.

## THE ASSERTED PATENTS AND TECHNOLOGY

34. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 34, and therefore deny the same.

35. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 35, and therefore deny the same.

36. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 36, and therefore deny the same.

37. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 37, and therefore deny the same.

38. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 38, and therefore deny the same.

39. PLC admits that it issued a 2021 Annual Report. To the extent the allegations in Paragraph 39 purport to characterize the contents of PLC's 2021 Annual Report, the document speaks for itself. Except as expressly admitted, Defendants deny any remaining allegations of Paragraph 39.

40. Defendants deny the allegations of Paragraph 40.

41. Defendants admit that a screenshot under Paragraph 41 purports to show the LUX website and LUX KONOz product. Defendants deny the remaining allegations of Paragraph 41.

42. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 42, and therefore deny the same.

43. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 43, and therefore deny the same.

44. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 44, and therefore deny the same.

45. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 45, and therefore deny the same.

46. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 46, and therefore deny the same.

47. Defendants admit that a screenshot under Paragraph 47 purports to show LUX CSI Smart Thermostat products and mobile application associated with the product. Defendants deny the remaining allegations of Paragraph 47.

48. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 48, and therefore deny the same.

49. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 49, and therefore deny the same.

50. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 50, and therefore deny the same.

51. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 51, and therefore deny the same.

52. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 52, and therefore deny the same.

53. Defendants admit that screenshot of a URL under Paragraph 53 purports to show IQ Remote products. Defendants deny the remaining allegations of Paragraph 53.

54. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 54, and therefore deny the same.

55. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 55, and therefore deny the same.

56. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 56, and therefore deny the same.

57. Defendants deny the allegations of Paragraph 57.

58. Defendants aver that the quoted documents speak for themselves. Defendants deny the remaining allegations of Paragraph 58.

59. Defendants aver that the quoted documents speak for themselves. Defendants deny the remaining allegations of Paragraph 59.

60. Defendants admit that an image under Paragraph 60 purports to show LUX GEO WiFi Thermostat. Defendants deny the remaining allegations of Paragraph 60.

61. Defendants aver that the quoted documents speak for themselves. Defendants deny the remaining allegations of Paragraph 61.

62. Defendants aver that the quoted documents speak for themselves. Defendants deny the remaining allegations of Paragraph 62.

**COUNT I**
**(Infringement of U.S. Patent No. 7,224,678)**

63. No response is required to the general incorporation of allegations set forth in Paragraphs 1 through 62. To the extent a response is required, Defendants hereby incorporate by reference their responses to Paragraphs 1 through 62.

64. Defendants admit that U.S. Patent No. 7,224,678 ("'678 patent"), on its face, is titled "Wireless local or metropolitan area network with intrusion detection features and related

methods." Defendants are without knowledge and information sufficient to form a belief as to the remaining allegations in Paragraph 64, and therefore deny the same.

65. Defendants admit that the '678 patent issued from U.S. Application No. 10,/217,042, but deny that the '678 patent is a valid or duly and legally issued patent. Defendants deny the remaining allegations of Paragraph 65.

66. Defendants deny the allegations of Paragraph 66.

67. PLC denies the allegations of Paragraph 67. JCI and Johnson Controls Security admit that they may design, develop, manufacture, import, distribute, offer to sell, or use some of the Accused Products, and deny the remaining allegations of Paragraph 67.

68. Defendants deny the allegations of Paragraph 68.

69. Defendants deny the allegations of Paragraph 69.

70. Defendants deny the allegations of Paragraph 70.

71. Defendants deny the allegations of Paragraph 71.

72. Defendants admit that they had knowledge of the existence of the '678 patent following service of the Amended Complaint in this matter. Defendants deny the remaining allegations of Paragraph 72.

73. Defendants deny the allegations of Paragraph 73.

74. Defendants deny the allegations of Paragraph 74.

75. Defendants deny the allegations of Paragraph 75.

**COUNT II**
**(Infringement of U.S. Patent No. 7,440,572)**

76. No response is required to the general incorporation of allegations set forth in Paragraphs 1 through 75. To the extent a response is required, Defendants hereby incorporate by reference their responses to Paragraphs 1 through 75.

77. Defendants admit that U.S. Patent No. 7,440,572 ("'572 patent"), on its face, is titled "Secure wireless LAN device and associated methods." Defendants are without knowledge and information sufficient to form a belief as to the remaining allegations in Paragraph 77, and therefore deny the same.

78. Defendants admit that the '572 patent issued from U.S. Application No. 09/760,619, but deny that the '572 patent is a valid or duly and legally issued patent. Defendants deny the remaining allegations of Paragraph 78.

79. Defendants deny the allegations of Paragraph 79.

80. PLC denies the allegations of Paragraph 80. JCI and Johnson Controls Security admit that they may design, develop, manufacture, import, distribute, offer to sell, or use some of the Accused Products, and deny the remaining allegations of Paragraph 80.

81. Defendants deny the allegations of Paragraph 81.

82. Defendants deny the allegations of Paragraph 82.

83. Defendants deny the allegations of Paragraph 83.

84. Defendants deny the allegations of Paragraph 84.

85. Defendants deny the allegations of Paragraph 85

86. Defendants deny the allegations of Paragraph 86.

87. Defendants admit that they had knowledge of the existence of the '572 patent following service of the Amended Complaint in this matter. Defendants deny the remaining allegations of Paragraph 87.

88. Defendants deny the allegations of Paragraph 88.

89. Defendants deny the allegations of Paragraph 89.

90. Defendants deny the allegations of Paragraph 90.

**COUNT III**
**(Infringement of U.S. Patent No. 7,616,961)**

91. No response is required to the general incorporation of allegations set forth in Paragraphs 1 through 90. To the extent a response is required, Defendants hereby incorporate by reference their responses to Paragraphs 1 through 90.

92. Defendants admit that U.S. Patent No. 7,616,961 ("'961 patent"), on its face, is titled "Allocating channels in a mobile ad hoc network." Defendants are without knowledge and information sufficient to form a belief as to the remaining allegations in Paragraph 92, and therefore deny the same.

93. Defendants admit that the '961 patent issued from U.S. Application No. 10/134,862, but deny that the '961 patent is a valid or duly and legally issued patent. Defendants deny the remaining allegations of Paragraph 93.

94. Defendants deny the allegations of Paragraph 94.

95. PLC denies the allegations of Paragraph 95. JCI and Johnson Controls Security admit that they may design, develop, manufacture, import, distribute, offer to sell, or use some of the Accused Products, and deny the remaining allegations of Paragraph 95.

96. Defendants deny the allegations of Paragraph 96.

97. Defendants deny the allegations of Paragraph 97.

98. Defendants deny the allegations of Paragraph 98.

99. Defendants deny the allegations of Paragraph 99.

100. Defendants admit that they had knowledge of the existence of the '961 patent following service of the Amended Complaint in this matter. Defendants deny the remaining allegations of Paragraph 100.

101. Defendants deny the allegations of Paragraph 101.

102. Defendants deny the allegations of Paragraph 102.

103. Defendants deny the allegations of Paragraph 103.

**COUNT IV**
**(Infringement of U.S. Patent No. 7,441,126)**

104. No response is required to the general incorporation of allegations set forth in Paragraphs 1 through 103. To the extent a response is required, Defendants hereby incorporate by reference their responses to Paragraphs 1 through 103.

105. Defendants admit that U.S. Patent No. 7,441,126 ("'126 patent"), on its face, is titled "Secure wireless LAN device including tamper resistant feature and associated method." Defendants are without knowledge and information sufficient to form a belief as to the remaining allegations in Paragraph 105, and therefore deny the same.

106. Defendants admit that the '126 patent issued from U.S. Application No. 09/761,173, but deny that the '126 patent is a valid or duly and legally issued patent. Defendants deny the remaining allegations of Paragraph 106.

107. Defendants deny the allegations of Paragraph 107.

108. PLC denies the allegations of Paragraph 108. JCI and Johnson Controls Security admit that they may design, develop, manufacture, import, distribute, offer to sell, or use some of the Accused Products, and deny the remaining allegations of Paragraph 108.

109. Defendants deny the allegations of Paragraph 109.

110. Defendants deny the allegations of Paragraph 110.

111. Defendants deny the allegations of Paragraph 111.

112. Defendants deny the allegations of Paragraph 112.

113. Defendants admit that they had knowledge of the existence of the '126 patent following service of the Amended Complaint in this matter. Defendants deny the remaining

allegations of Paragraph 113.

114. Defendants deny the allegations of Paragraph 114.

115. Defendants deny the allegations of Paragraph 115.

116. Defendants deny the allegations of Paragraph 116.

## CONCLUSION

117. Defendants deny the allegations of Paragraph 117.

118. Defendants deny the allegations of Paragraph 118

## JURY DEMAND

119. Defendants admit that Plaintiff has demanded a trial by jury on all issues so triable pursuant to Fed. R. Civ. P. 38. Plaintiff's Demand for Jury Trial does not state an allegation to which a responsive pleading is required.

## PRAYER FOR RELIEF

120. Defendants deny that Plaintiff is entitled to the relief it seeks in Paragraph 120, Sub-sections 1-6 or any relief at all for the allegations made in the Amended Complaint.

## AFFIRMATIVE DEFENSES

121. Defendants plead the following defenses in response to Plaintiffs' allegations, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein. Defendants reserve the right to allege additional defenses and/or to supplement or amend its existing defenses in the event that discovery or other analysis indicates that additional affirmative or other defenses and/or supplementation or amendment is appropriate.

## FIRST AFFIRMATIVE DEFENSE
**(Non-Infringement)**

122. The manufacture, use, sale, offer to sell or importation into the United States of

Defendants' accused products would not and will not infringe, induce infringement of, or contribute to the literal infringement or infringement under the doctrine of equivalents of any valid or enforceable claim of U.S. Patent No. 7,224,678.

123. The manufacture, use, sale, offer to sell or importation into the United States of Defendants' accused products would not and will not infringe, induce infringement of, or contribute to the literal infringement or infringement under the doctrine of equivalents of any valid or enforceable claim of U.S. Patent No. 7,440,572.

124. The manufacture, use, sale, offer to sell or importation into the United States of Defendants' accused products would not and will not infringe, induce infringement of, or contribute to the literal infringement or infringement under the doctrine of equivalents of any valid or enforceable claim of U.S. Patent No. 7,616,961.

125. The manufacture, use, sale, offer to sell or importation into the United States of Defendants' accused products would not and will not infringe, induce infringement of, or contribute to the literal infringement or infringement under the doctrine of equivalents of any valid or enforceable claim of U.S. Patent No. 7,441,126.

**SECOND AFFIRMATIVE DEFENSE**
**(Invalidity)**

126. Upon information and belief, the claims of the '678 patent are invalid for failing to meet one or more requirements for patentability under Title 35 of the United States Code, including but not limited to §§ 101, 102, 103, and/or 112.

127. Upon information and belief, the claims of the '572 patent are invalid for failing to meet one or more requirements for patentability under Title 35 of the United States Code, including but not limited to §§ 101, 102, 103, and/or 112.

128. Upon information and belief, the claims of the '961 patent are invalid for failing

to meet one or more requirements for patentability under Title 35 of the United States Code, including but not limited to §§ 101, 102, 103, and/or 112.

129. Upon information and belief, the claims of the ’126 patent are invalid for failing to meet one or more requirements for patentability under Title 35 of the United States Code, including but not limited to §§ 101, 102, 103, and/or 112.

**THIRD AFFIRMATIVE DEFENSE**
**(Failure to State a Claim)**

130. The Amended Complaint fails to state a claim against Defendants upon which relief can be granted.

**FOURTH AFFIRMATIVE DEFENSE**
**(Prosecution History Estoppel)**

131. Stingray is estopped, based on statements, representations, and admissions made during prosecution of the applications that led to the Asserted Patents, from asserting any interpretation of the claims of those patents that would be broad enough to cover any accused products/instrumentalities or service alleged to infringe these patents, either literally or under the doctrine of equivalents.

**FIFTH AFFIRMATIVE DEFENSE**
**(Equitable Defenses)**

132. Any claim for damages or equitable relief by Stingray is barred, in whole or in part, by the equitable doctrines of unclean hands, waiver, estoppel, acquiescence, patent misuse, and/or any equitable remedy.

**SIXTH AFFIRMATIVE DEFENSE**
**(Express or Implied License/Patent Exhaustion)**

133. Stingray’s claims for patent infringement against Defendants are precluded to the extent that any allegedly infringing product or instrumentality is provided, directly or indirectly,

to Defendants by entity or entities having an express or implied license to the Asserted Patents. Stringray's claims are further precluded pursuant to the doctrine of patent exhaustion.

**SEVENTH AFFIRMATIVE DEFENSE**
**(Statute of Limitations)**

134. To the extent that Stingray seeks to recover for any alleged infringement more than six years prior to the filing of the Amended Complaint, such recovery is barred by 35 U.S.C. § 286 and/or § 287, including upon information and belief, Stingray is barred by 35 U.S.C. § 287 from recovering damages in this case due to Stingray's and/or Stingray's licensees' failure to mark. Stingray is also barred by 35 U.S.C. § 288 from recovering costs associated with this action.

**EIGHTH AFFIRMATIVE DEFENSE**
**(No Willful Infringement)**

135. Stingray is not entitled to enhanced damages under 35 U.S.C. § 284 because Stingray has failed to meet, and cannot meet as a matter of law, the requirements for willful infringement.

**RESERVATION OF ADDITIONAL DEFENSES**

136. Defendants reserve the right to assert additional defenses in the event that discovery or other analysis indicates that additional defenses are appropriate.

**PRAYER FOR RELIEF**

WHEREFORE, Defendants request the following relief:

a) Dismissing Plaintiff's Amended Complaint with prejudice, denying each request for relief made by Plaintiff, and entering judgement against Plaintiff;

b) Awarding Defendants their attorney's fees, costs, and expenses in this action; and

c) Awarding Defendants such other and further relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Defendants, under Rule 38 of the Federal Rules of Civil Procedure, request a trial by jury of any issues so triable by right:

Dated: February 21, 2023

Respectfully submitted,

*/s/ Janine A. Carlan with permission, by Shaun Hassett*

Michael E. Jones
State Bar No. 10929400
Shaun Hassett
State Bar No. 24074372
**POTTER MINTON**
A Professional Corporation
102 N. College, Suite 900
Tyler, Texas 75702
Tel: (903) 597-8311
Fax: (903) 593-0846
mikejones@potterminton.com
shaunhassett@potterminton.com

**ARENTFOX SCHIFF LLP**
Janine A. Carlan (lead attorney)
Jasjit S. Vidwan (*Pro Hac Vice*)
1717 K Street, NW
Washington, DC 20006-5344
Tel: (202) 857-6000
janine.carlan@afslaw.com
jasjit.vidwan@afslaw.com

*ATTORNEYS FOR DEFENDANTS JOHNSON CONTROLS, INC., JOHNSON CONTROLS INTERNATIONAL PLC, AND JOHNSON CONTROLS SECURITY SOLUTIONS LLC*