IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| STINGRAY IP SOLUTIONS LLC <br><br> vs. <br><br> RESIDEO TECHNOLOGIES, INC., *et al.* | Case No. 2:22-cv-00420-JRG-RSP <br> (Lead Case) |
| STINGRAY IP SOLUTIONS LLC <br><br> vs. <br><br> ADT INC. and ADT LLC | Case No. 2:22-cv-00421-JRG-RSP <br> (Member Case) |

### DEFENDANTS ADT INC. AND ADT LLC' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S SECOND AMENDED COMPLAINT FOR PATENT INFRINGEMENT

Defendants ADT Inc. and ADT LLC dba ADT Security Services, CAM CONNECTIONS, PROTECTION ONE and Protect Your Home (collectively "ADT") hereby answer Plaintiff Stingray IP Solutions LLC's ("Stingray") Second Amended Complaint in the Eastern District of Texas (the "District") for Patent Infringement ("SAC") of U.S. Patent No. 7,224,678 (the "'678 patent"), U.S. Patent No. 7,440,572 (the "'572 patent"), and U.S. Patent No. 7,441,126 ("the "'126 patent") (collectively, "the Patents-in-Suit"). ADT answers and avers as follows, with the numbered paragraphs corresponding to the like-numbered paragraphs of the SAC. Allegations not expressly admitted herein are denied.

1

# THE PARTIES[1]

1. ADT lacks sufficient factual basis to determine the accuracy of the allegations set forth in paragraph 1, and therefore denies each of the allegations in paragraph 1 of the SAC.

2. ADT admits that ADT Inc. is organized under the laws of the State of Delaware. ADT admits that ADT Inc.'s principal place of business and corporate headquarters is located at 1501 Yamato Road, Boca Raton, Florida, USA 33431. ADT admits that ADT Inc. may be served with process via its registered agents, including The Corporation Trust Company, Corporation Trust Center 1209 Orange St, Wilmington, DE, USA 19801. ADT admits that ADT Inc. is a publicly traded company.

3. ADT admits that ADT LLC is organized under the laws of the State of Delaware. ADT admits that ADT LLC's principal place of business and corporate headquarters at 1501 Yamato Road, Boca Raton, Florida, USA 33431. ADT admits that ADT LLC may be served with process via its registered agent CT Corporation System, 1999 Bryan St., Ste. 900, Dallas, TX, USA 75201-3136. ADT admits that ADT Inc. and ADT LLC share the same location for their principal place of business, 1501 Yamato Road, Boca Raton, Florida 33431. ADT admits that ADT LLC is a wholly owned and controlled subsidiary of ADT Inc. ADT LLC is part of a group of companies operating under the name "ADT" of which ADT Inc. is the parent and controlling entity.

4. To the extent that paragraph 4 contains excerpts from publicly available online sources, ADT denies these allegations as characterizations of written documents, and respectfully refers the Court to those documents for the full content thereof. The remaining

---

[1] The headings in the SAC are reproduced herein for the convenience of the reader. To the extent such headings include or infer allegations, they are denied.

statements in paragraph 4 appear to be statements to which no response is needed, but ADT otherwise denies all remaining allegations in paragraph 4 of the SAC.

5. To the extent that paragraph 5 contains excerpts from publicly available online sources, ADT denies these allegations as characterizations of written documents, and respectfully refers the Court to those documents for the full content thereof. ADT otherwise denies the remaining allegations in paragraph 5 of the SAC.

6. To the extent that paragraph 6 contains excerpts from publicly available online sources, ADT denies these allegations as characterizations of written documents, and respectfully refers the Court to those documents for the full content thereof. ADT otherwise denies the remaining allegations in paragraph 6 of the SAC.

7. To the extent that paragraph 7 contains excerpts from publicly available online sources, ADT denies these allegations as characterizations of written documents, and respectfully refers the Court to those documents for the full content thereof. ADT otherwise denies the remaining allegations in paragraph 7 of the SAC.

8. To the extent that paragraph 8 contains excerpts from publicly available online sources, ADT denies these allegations as characterizations of written documents, and respectfully refers the Court to those documents for the full content thereof. ADT admits that ADT LLC is directly or indirectly engaged in the research and development, distribution, sale, installation, servicing, monitoring and related technical services for its products. ADT admits that some of ADT LLC's products are imported into the United States and that other products are manufactured in the United States. ADT admits that ADT LLC sells its products to customers and that it uses the internet and dealers for advertising purposes. ADT denies the remaining allegations in paragraph 8 of the SAC.

9. To the extent that paragraph 9 contains excerpts from publicly available online sources, ADT denies these allegations as characterizations of written documents, and respectfully refers the Court to those documents for the full content thereof.  ADT otherwise denies the remaining allegations in paragraph 9 of the SAC.  ADT denies that it or ADT Security Services has an office location at 470 DC Dr, Tyler, TX 75701.  ADT admits that an ADT Security Services location is at 7415 Eastex Plaza Drive, Suite 8, Beaumont, TX 77708. ADT admits that ADT LLC has distribution channels in the U.S.  ADT denies the remaining allegations in paragraph 9 of the SAC.

10. ADT admits ADT LLC or its subsidiaries, affiliates, or partners have sold products in the District but denies the remaining allegations in paragraph 10 of the SAC.

## JURISDICTION AND VENUE

11. ADT admits that this is an action for alleged patent infringement arising under Title 35 of the United States Code.

12. ADT admits that the Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a).

A. **Defendant ADT Inc.**

13. For the purposes of this action only, ADT does not contest personal jurisdiction in this Court over ADT Inc. but denies the remaining allegations in paragraph 13 of the SAC.

14. To the extent that paragraph 14 contains excerpts from publicly available online sources, ADT denies these allegations as characterizations of written documents, and respectfully refers the Court to those documents for the full content thereof.  For the purposes of this action only, ADT does not contest personal jurisdiction in this Court over ADT Inc. but denies the remaining allegations in paragraph 14 of the SAC.

15. To the extent that paragraph 15 contains excerpts from publicly available online sources, ADT denies these allegations as characterizations of written documents, and respectfully refers the Court to those documents for the full content thereof. ADT admits that ADT LLC is a wholly owned subsidiary of ADT Inc. ADT denies the remaining allegations in paragraph 15 of the SAC.

16. ADT admits that ADT LLC or its subsidiaries, affiliates, or partners have conducted business in this District. ADT denies the remaining allegations in paragraph 16 of the SAC.

17. ADT admits that ADT LLC or its subsidiaries, affiliates, or partners have conducted business in this District. ADT denies the remaining allegations in paragraph 17 of the SAC.

18. ADT denies the allegations in paragraph 18 of the SAC.

19. For the purposes of this action only, ADT does not contest venue under 28 U.S.C. § 1400 but denies that this is the most appropriate or convenient venue for this action. ADT denies the remaining allegations in paragraph 19 of the SAC.

**B.      Defendant ADT LLC**

20. ADT admits that ADT LLC has a place of business in this District. For the purposes of this action only, ADT does not contest personal jurisdiction in this Court over ADT LLC but denies the remaining allegations in paragraph 20 of the SAC.

21. ADT admits that ADT LLC has a place of business in this District. For the purposes of this action only, ADT does not contest personal jurisdiction in this Court over ADT LLC but denies the remaining allegations in paragraph 21 of the SAC.

22. ADT admits that ADT LLC has a place of business in this District. For the purposes of this action only, ADT does not contest personal jurisdiction in this Court over ADT LLC and denies the remaining allegations in paragraph 22 of the SAC.

23. To the extent that paragraph 23 contains excerpts from publicly available online sources, ADT denies these allegations as characterizations of written documents, and respectfully refers the Court to those documents for the full content thereof. ADT admits that ADT LLC has a place of business in this District. For the purposes of this action only, ADT does not contest personal jurisdiction in this Court over ADT LLC and denies the remaining allegations in paragraph 23 of the SAC.

24. To the extent that paragraph 24 contains excerpts from publicly available online sources, ADT denies these allegations as characterizations of written documents, and respectfully refers the Court to those documents for the full content thereof. ADT admits that ADT LLC has a place of business in this District. For the purposes of this action only, ADT does not contest personal jurisdiction in this Court over ADT LLC but denies the remaining allegations in paragraph 24 of the SAC.

25. ADT denies venue is proper in this District under 28 U.S.C. §§ 1391(c) and 1400(b) as ADT is neither incorporated in Texas nor has its principal place of business in this District. For the purposes of this action only, ADT does not contest venue under 28 U.S.C. § 1400 but denies that this is the most appropriate or convenient venue for this action. ADT denies the remaining allegations in paragraph 25 of the SAC.

26. ADT denies venue is proper in this District under 28 U.S.C. §§ 1391(c) and 1400(b) as ADT is neither incorporated in Texas nor has its principal place of business in this District. For the purposes of this action only, ADT does not contest venue under 28 U.S.C. § 1400 but denies that this is the most appropriate or convenient venue for this action.

## THE ASSERTED PATENTS AND TECHNOLOGY

27. ADT lacks sufficient basis to determine the accuracy of the allegations set out in paragraph 27, and therefore denies the allegations in paragraph 27 of the SAC.

28. To the extent that paragraph 28 contains excerpts from the '678 patent, ADT neither admits nor denies those excerpts, and respectfully refers the Court to the '678 patent itself.  ADT lacks sufficient basis to determine the accuracy of the allegations set out in paragraph 28, and therefore denies the allegations in paragraph 28 of the SAC.

29. To the extent that paragraph 29 contains excerpts from the '572 patent, ADT neither admits nor denies those excerpts, and respectfully refers the Court to the '572 patent itself.  ADT lacks sufficient basis to determine the accuracy of the allegations set out in paragraph 29, and therefore denies the allegations in paragraph 29 of the SAC.

30. To the extent that paragraph 30 contains excerpts from the '126 patent, ADT neither admits nor denies those excerpts, and respectfully refers the Court to the '126 patent itself.  ADT lacks sufficient basis to determine the accuracy of the allegations set out in paragraph 30, and therefore denies the allegations in paragraph 30 of the SAC.

31. To the extent that paragraph 31 contains excerpts from publicly available online sources, ADT denies these allegations as characterizations of written documents, and respectfully refers the Court to those documents for the full content thereof. ADT denies the remaining allegations in paragraph 31 of the SAC.

32. To the extent that paragraph 32 contains excerpts from publicly available online sources, ADT denies these allegations as characterizations of written documents, and respectfully refers the Court to those documents for the full content thereof. ADT denies the allegations in paragraph 32 of the SAC.

33. To the extent that paragraph 33 contains excerpts from publicly available online sources, ADT denies these allegations as characterizations of written documents, and respectfully refers the Court to those documents for the full content thereof. ADT denies the allegations in paragraph 33 of the SAC.

34. To the extent that paragraph 34 contains excerpts from publicly available online sources, ADT denies these allegations as characterizations of written documents, and respectfully refers the Court to those documents for the full content thereof. ADT denies the allegations in paragraph 34 of the SAC.

35. To the extent that paragraph 35 contains excerpts from publicly available online sources, ADT denies these allegations as characterizations of written documents, and respectfully refers the Court to those documents for the full content thereof. ADT denies the allegations in paragraph 35 of the SAC.

36. To the extent that paragraph 36 contains excerpts from publicly available online sources, ADT denies these allegations as characterizations of written documents, and respectfully refers the Court to those documents for the full content thereof. ADT denies the allegations in paragraph 36 of the SAC.

37. To the extent that paragraph 37 contains excerpts from publicly available online sources, ADT denies these allegations as characterizations of written documents, and respectfully refers the Court to those documents for the full content thereof. ADT denies the allegations in paragraph 37 of the SAC.

38. To the extent that paragraph 38 contains excerpts from publicly available online sources, ADT denies these allegations as characterizations of written documents, and respectfully refers the Court to those documents for the full content thereof. ADT otherwise denies the remaining allegations in paragraph 38 of the SAC.

39. To the extent that paragraph 39 contains excerpts from publicly available online sources, ADT denies these allegations as characterizations of written documents, and respectfully refers the Court to those documents for the full content thereof. ADT denies the allegations in paragraph 39 of the SAC.

40. To the extent that paragraph 40 incorporates excerpts from publicly available online sources, ADT denies these allegations as characterizations of written documents, and respectfully refers the Court to those documents for the full content thereof. ADT denies the allegations in paragraph 40 of the SAC.

41. To the extent that paragraph 41 contains excerpts from publicly available online sources, ADT denies these allegations as characterizations of written documents, and respectfully refers the Court to those documents for the full content thereof. ADT denies the allegations in paragraph 41 of the SAC.

42. To the extent that paragraph 42 contains excerpts from publicly available online sources, ADT denies these allegations as characterizations of written documents, and respectfully refers the Court to those documents for the full content thereof. ADT denies the allegations in paragraph 42 of the SAC.

43. To the extent that paragraph 43 contains excerpts from publicly available online sources, ADT denies these allegations as characterizations of written documents, and respectfully refers the Court to those documents for the full content thereof. ADT denies the allegations in paragraph 43 of the SAC.

44. To the extent that paragraph 44 contains excerpts from publicly available online sources, ADT denies these allegations as characterizations of written documents, and respectfully refers the Court to those documents for the full content thereof. ADT denies the allegations in paragraph 44 of the SAC.

# COUNT I

(INFRINGEMENT OF U.S. PATENT NO. 7,224,678)

45. ADT reincorporates the preceding paragraphs, paragraphs 1-44, of this Answer by reference.

46. ADT admits that the '678 patent is entitled "Wireless local or metropolitan area network with intrusion detection features and related methods." ADT lacks sufficient basis to determine the accuracy of the remaining allegations in paragraph 46, and therefore denies the assignment allegations in paragraph 46 of the SAC.

47. ADT admits that based on the face of the patent, the '678 patent appears to have issued from U.S. Patent Application No. 10/217,042. ADT lacks sufficient basis to determine the accuracy of the remaining allegations set out in paragraph 47, and therefore denies the allegations in paragraph 47 of the SAC.

48. ADT denies the allegations in paragraph 48 of the SAC.

49. ADT admits that ADT LLC directly or indirectly is engaged in the design, development, distribution, and/or sale of one or more Accused Products, but denies the remaining allegations in paragraph 49 of the SAC.

50. ADT denies the allegations in paragraph 50 of the SAC.

51. ADT denies the allegations in paragraph 51 of the SAC.

52. ADT denies the allegations in paragraph 52 of the SAC.

53. ADT denies the allegations in paragraph 53 of the SAC.

54. ADT admits that it has known of the '678 patent as of the filing date of the Complaint. ADT denies the remaining allegations in paragraph 54 of the SAC.

55. ADT denies the allegations in paragraph 55 of the SAC.

56. ADT denies the allegations in paragraph 56 of the SAC.

57. ADT denies the allegations in paragraph 57 of the SAC.

## COUNT II

(INFRINGEMENT OF U.S. PATENT NO. 7,440,572)

58. ADT reincorporates the preceding paragraphs, paragraphs 1-57, of this Answer by reference.

59. ADT admits that the '572 patent is entitled "Secure wireless LAN device and associated methods." ADT lacks sufficient basis to determine the accuracy of the remaining allegations in paragraph 59, and therefore denies the assignment allegations in paragraph 59 of the SAC.

60. ADT admits that based on the face of the patent, the '572 patent appears to have issued from U.S. Patent Application No. 09/760,619.  ADT lacks sufficient basis to determine the accuracy of the remaining allegations set out in paragraph 60, and therefore denies the allegations in paragraph 60 of the SAC.

61. ADT denies the allegations in paragraph 61 of the SAC.

62. ADT admits that ADT LLC directly or indirectly is engaged in the design, development, distribution, and/or sale of one or more Accused Products, but denies the remaining allegations in paragraph 62 of the SAC.

63. ADT denies the allegations in paragraph 63 of the SAC.

64. ADT denies the allegations in paragraph 64 of the SAC.

65. ADT denies the allegations in paragraph 65 of the SAC.

66. ADT denies the allegations in paragraph 66 of the SAC.

67. ADT denies the allegations in paragraph 67 of the SAC.

68. ADT denies the allegations in paragraph 68 of the SAC.

69. ADT admits it has known of the '572 patent as of the filing date of the Complaint. ADT denies the remaining allegations of paragraph 69 of the SAC.

70. ADT denies the allegations in paragraph 70 of the SAC.

71. ADT denies the allegations in paragraph 71 of the SAC.

72. ADT denies the allegations in paragraph 72 of the SAC.

## COUNT III

(INFRINGEMENT OF U.S. PATENT NO. 7,441,126)

73. ADT reincorporates the preceding paragraphs, paragraphs 1-72, of this Answer by reference.

74. ADT admits that the '126 patent is entitled "Secure wireless LAN device including tamper resistant feature and associated method." ADT lacks sufficient basis to determine the accuracy of the remaining allegations in paragraph 74, and therefore denies the assignment allegations in paragraph 74 of the SAC.

75. ADT admits that based on the face of the patent, the '126 patent appears to have issued from U.S. Patent Application No. 09/761,173. ADT lacks sufficient basis to determine the accuracy of the remaining allegations set out in paragraph 75, and therefore denies the allegations in paragraph 75 of the SAC.

76. ADT denies the allegations in paragraph 76 of the SAC.

77. ADT admits that ADT LLC directly or indirectly is engaged in the design, development, distribution, and/or sale of one or more Accused Products, but denies the remaining allegations in paragraph 77 of the SAC.

78. ADT denies the allegations in paragraph 78 of the SAC.

79. ADT denies the allegations in paragraph 79 of the SAC.

80. ADT denies the allegations in paragraph 80 of the SAC.

81. ADT denies the allegations in paragraph 81 of the SAC.

82. ADT admits it has known of the '126 patent as of the filing date of the First Amended Complaint. ADT denies the remaining allegations of paragraph 82 of the SAC.

83. ADT denies the allegations in paragraph 83 of the SAC.

84. ADT denies the allegations in paragraph 84 of the SAC.

85. ADT denies the allegations in paragraph 85 of the SAC.

## CONCLUSION

86. ADT denies the allegations in paragraph 86 of the SAC.

87. ADT denies the allegations in paragraph 87 of the SAC.

## JURY DEMAND

88. Stingray's demand for a trial by jury is a legal statement that ADT can neither admit nor deny.

## PRAYER FOR RELIEF

89. ADT denies that Stingray is entitled to any requested relief. To the extent not expressly addressed above, ADT denies the factual allegations in the SAC.

## DEFENSES

90. Subject to its responses above, and upon information and belief, ADT alleges and asserts the following defenses in response to the allegations in the SAC. Regardless of how the defenses are listed herein, ADT undertakes the burden of proof only as to the defenses that are deemed affirmative defenses as a matter of law. In addition to the defenses asserted below, ADT reserves all rights to allege additional defenses.

## FIRST DEFENSE

### (Non-Infringement)

91. Stingray is not entitled to any relief against ADT because ADT has not infringed and is not infringing, either directly, indirectly, contributorily, or by inducement, either literally or under the doctrine of equivalents, any valid, enforceable claim of the Patents-in-Suit.

## SECOND DEFENSE

### (Invalidity)

92. One or more of the claims of the Patents-in-Suit are invalid and/or unenforceable under one or more provisions of Title 35, United States Code, including, but not limited to, 35 U.S.C. §§ 101, 102, 103 and/or 112.

## THIRD DEFENSE

### (Statute of Limitations)

93. Stingray's claims are barred, some in part and others in toto, by the statute of limitations, which prevents recovery for "any infringement committed more than six years prior to the filing of the SAC or counterclaim for infringement in the action." 35 U.S.C. § 286.

## FOURTH DEFENSE

### (Prosecution History Estoppel)

94. Stingray's claims are barred by the doctrine of prosecution history estoppel based on amendments, statements, admissions, omissions, representation disclaimers, and/or disavowals made during prosecution of each of the Patents-in-Suit.

## FIFTH DEFENSE

### (Waiver and Estoppel)

95. Stingray's claims are barred by equitable doctrine of waiver and estoppel due to Stingray's knowledge of ADT's allegedly infringing actions, and its unjustified failure to pursue

infringement claims diligently and timely from the time it became aware that it supposedly had claims against ADT.

## SIXTH DEFENSE

**(Failure to Mark)**

96.     Stingray's claim for damages is limited to the extent Stingray failed to mark its products, provide notice, or otherwise meet the requirements of 35 U.S.C. § 287.

## SEVENTH DEFENSE

**(Failure to State a Claim)**

97.     Stingray's Complaint fails to state a claim for which relief can be granted, in particular, a claim of infringement for one or more of the Patents-in-Suit, as required under Federal Rules of Procedure 12(b)(6).  Instead, the SAC generally alleges that the Accused Products infringe the Patents-in-Suit based on compliance with an international standard IEEE 802.11 without identifying how each of the accused products purportedly performs each element of each asserted claim of the Patents-in-Suit.

## EIGHTH DEFENSE

**(Exceptional Case)**

98.     ADT has engaged in all relevant activities in good faith, thereby precluding Stingray, even if it prevails, from proving that this is an exceptional case justifying a recovery of its reasonable attorneys' fees and/or costs under 35 U.S.C. § 285.

## EIGHTH DEFENSE

**(Standing)**

99.     Stingray has not established that is the owner of the Patents-in-Suit, so therefore it lacks standing to enforce the Patents-in-Suit.

## OTHER DEFENSES

100. ADT reserves all defense under Rule 8(c) of the Federal Rules of Civil Procedure, the Patent Laws of the United States, and any other defenses, at law or equity, that may now exist or in the future be available based on discovery or other factual investigations in this case.

## JURY DEMAND

101. ADT requests a trial by jury on all issues triable by a jury.

## PRAYER FOR RELIEF

ADT requests that the Court:

1. Dismiss all counts of the SAC for Patent Infringement with prejudice, and award Stingray nothing by way of the SAC;

2. Enter a judgment finding that ADT has not infringed any claim of any of the Patents-in-Suit;

3. Enter a judgment that each of the Patents-in-Suit is invalid;

4. Declare this case to be exceptional under 35 U.S.C. § 285, and enter judgment awarding ADT its costs, reasonable attorneys' fees, and expert witness fees in this action; and

5. Award ADT such further relief as the Court may deem just and proper.

DATED: March 20, 2023

Respectfully submitted,

Pillsbury Winthrop Shaw Pittman LLP

BY: /s/ *Steven Tepera*
Steven Tepera (24053510)
steven.tepera@pillsburylaw.com
401 Congress Avenue, Suite 1700
Austin, TX 78701-3797
Phone: 512.580.9600
Fax: 512.580.9601

Michael E. Zeliger (*pro hac vice*)
2550 Hanover Street
Palo Alto, CA 94304-1115 USA
Telephone: 650.233.4500
Fax: 650.233.4545

Theresa A. Roozen (*pro hac vice*)
theresa.roozen@pillsburylaw.com
1200 17th St NW,
Washington, DC 20036
Phone: 202.663.8000
Fax: 202.663.8007

*Attorneys for Defendants*

<u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that a copy of the foregoing document was served on all parties who have appeared in this case on March 20, 2023, via the Court's CM/ECF system.

<u>*/s/ Steven Tepera*</u>
Steven Tepera
